IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. AP-76,242




EX PARTE JERRY LEE EVANS Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 86-92048-L IN THE CRIMINAL DISTRICT COURT NUMBER FIVE
FROM DALLAS COUNTY




           Per curiam. 

O P I N I O N

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual
assault and sentenced to life imprisonment. The Fifth Court of Appeals affirmed his conviction.
Evans v. State, No. 05-87-00192-CR (Tex. App–Dallas, delivered December 28, 1987, no pet.). 
            Applicant contends that, based upon newly discovered evidence, he is actually innocent of
the offense in this cause. Specifically, the Applicant contends that post-conviction DNA testing,
which was not available at the time of trial, reflects that he is actually innocent.
            The trial court has entered findings of fact and conclusions of law, based upon DNA test
results it has received, that the Applicant has been eliminated as the contributor of the sperm fraction
found in the vaginal swab taken after the sexual assault. The trial court concludes that Applicant has
proved by clear and convincing evidence that a jury would acquit him based on this newly
discovered evidence and would find that he is not guilty of this offense. We agree. Applicant is
entitled to relief. Ex parte Tuley, 109 S.W.3d 388 (Tex. Crim. App. 2002); Ex parte Elizondo, 947
S.W.2d 202 (Tex. Crim. App. 1996).
            Relief is granted. The judgment in Cause No. 86-92048-L in the Criminal District Court
Number Five of Dallas County is set aside, and Applicant is remanded to the custody of the Sheriff
of Dallas County to answer the charge against him.
            Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional
Institutions Division and Pardons and Paroles Division.
 
Delivered: October 21, 2009
Do Not Publish